UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
JOSEPH DESLONDE,                              :
                                              :
       Plaintiff,                        :
                                              :    Civil Action No. 09-03446 (JAP)
       v.                                :
                                              :    **OPINION**
STATE OF NEW JERSEY, DONNA BALICK,            :
ROBERT GROVER, DENNIS NIEVES,                 :
NICOLE ALBERT, MICHELLE LIBRADO,              :
LOUIS MANGIONE,                               :
                                              :
       Defendants.                       :
_____:

PISANO, District Judge.

      Plaintiff Joseph Deslonde has brought this action against Defendants for constitutional violations relating to Plaintiff's detention. Plaintiff alleges violations of his Fifth Amendment right against Double Jeopardy, Fourteenth Amendment right to Equal Protection and Due Process, Sixth Amendment right to a Speedy and Public Trial and Right to Effective Assistance of Counsel, and conspiracy to deprive Plaintiff of these rights. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1331.

      Presently before the Court is the Defendant Grover's unopposed motion for summary judgment. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court grants Defendant Grover's motion for summary judgment.

     I.    **Background**

      On July 14, 2007, Plaintiff Joseph Deslonde was arrested when police responded to a fight between Plaintiff's fiancée and members of her family outside the Marlboro Diner. Amended Compl. at ¶¶ F13, F14. Deslonde was not directly involved in the conflict, but when

the police ran Plaintiff's name after questioning him, it was discovered that Deslonde had two traffic warrants out for his arrest. *Id.* ¶ F14. Since Plaintiff could not make bail, Deslonde was sent to Middlesex County Adult Correction Center ("MCACC"). *Id.* ¶ F17. After meeting with a social worker two-days later, Deslonde discovered for the first time that there was a third warrant out for his arrest relating to a 1995 probation violation from a 1989 indictment. *Id.* Plaintiff believed this third warrant for the probation violation was a mistake as he already had served his time in the matter. *Id.* ¶ F18. Plaintiff remained in MCACC for six months. *Id.* ¶ F20.

Plaintiff maintains that he was unlawfully detained in MCACC on the allegedly bogus 1995 violation of parole warrant. *Id.* Deslonde attributes the fraudulent warrant to a conspiracy between his fiancée Defendant Balick and her nephew Defendant Grover who was employed by MCACC in its Records Department. *Id.* ¶¶ F4, F21. Plaintiff alleges that as a result of a fight with Defendant Balick she conspired with Defendant Grover to place a bogus warrant into the computer system. *Id.* ¶ F10-11, F17, F21.

Prior to his release, Plaintiff appeared before Judge Nieves to discuss the parole violation warrant. *Id.* ¶ F24. Up to this point in time, Deslonde had refused to accept any plea agreements believing that the charges were not valid. *Id.* He claims that Judge Nieves, the State of New Jersey, Prosecutor Albert, and his Public Defender Labrada conspired to cover-up the fact that there had been a mistake with the warrant. *Id.* On January 1, 2008, Plaintiff was brought to a hearing before Judge Nieves. *Id.* ¶ F25. Deslonde maintains at this meeting that Judge Nieves and his lawyer tricked him into unknowingly signing a guilty plea by presenting documents as release papers. *Id.* ¶ F28.

On August 8, 2009, Plaintiff Deslonde filed an amended complaint claiming violations of his constitutional rights relating to his detention. *Id*. ¶¶ E1-4.  Specifically, Plaintiff alleges violations of his Fifth Amendment right against Double Jeopardy, Fourteenth Amendment right to Equal Protection and Due Process, Sixth Amendment right to a Speedy and Public Trial and Right to Effective Assistance of Counsel and conspiracy to deprive Plaintiff of these rights. *Id*.

II.  **Discussion**

    A.  **Summary Judgment Standard**

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The district court must determine whether disputed issues of material fact exist, but the court cannot resolve factual disputes in a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997).  The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact, regardless of which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its opening burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id*. at 324.  Thus, the non-moving party may not rest upon the mere allegations or denials of its pleadings. *Id*.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

Once the moving-party has demonstrated to the court the absence of a material fact at issue, the Supreme Court has stated that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . ." *Matsushita*, 475 U.S. at 586-87 (citations omitted). In other words, "[i]f the evidence [submitted by the non-moving party] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The Supreme Court has specifically recognized that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses, and [] that [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477 U.S. at 323-24. Thus, "[w]hen the record is such that it would not support a rational finding that an essential element of the non-moving party's claim or defense exists, summary judgment must be entered for the moving party." *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 (3d Cir. 1990).

B. **Analysis**

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; *see also* 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Sample v. Diecks*, 885 F.2d 1099, 1107 (3d Cir. 1989).  "When evaluating a claim brought under § 1983, [the court] must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all."  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).  If so, the Court determines whether the defendant can be held liable for that violation.  *Natale*, 318 F.3d at 581.

In this case, Plaintiff seeks damages pursuant to 42 U.S.C. § 1983, 1985 and 1986 against Defendant for allegedly falsifying a parole violation warrant ultimately causing his prolonged detention.  Defendant Grover argues that any constitutional claims stemming from this act are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the *Rooker-Feldman* doctrine.  In *Heck v.*

*Humphrey*, Heck brought a § 1983[1] action for damages, asserting that the defendants had "'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [his] innocence;' and caused 'an illegal and unlawful voice identification procedure' to be used at [his criminal] trial." 512 U.S. at 479. The Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87; *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Edwards v. Balisok*, 520 U.S. 641, 645-47 (1997). Hence, a claim for constitutional violations relating to a prior conviction or sentence that has not been invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 486. "[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id*. at 486-87.

In this case, Plaintiff seeks damages from Defendant Grover for his unlawful detention at MCACC on an allegedly bogus 1995 violation of parole warrant supposedly falsified by Defendant. Plaintiff, however, entered a guilty on the parole violation warrant and was subsequently detained at the MCACC. Hence, even considering the Plaintiff's allegations as true, if the Court were to determine that Defendant Grover falsified records or falsely imprisoned Plaintiff, such a decision would "necessarily imply the invalidity of his conviction or sentence."

---

[1] The Third Circuit has recognized that *Heck* applies to causes of action under 42 U.S.C. §§ 1985 and 1986. *See Saunders v. Bright*, 281 Fed. Appx. 83, 84 n.4 (3d Cir. 2008) ("*Heck* applied [to § 1985 and § 1986 causes of action] because the logic of *Heck* is that civil rights suits, like common law tort suits, are not appropriate means for challenging the validity of outstanding criminal judgments.").

*Heck*, 512 U.S. at 486-87.  According to *Heck v. Humphrey*, any such determination by the Court would be inappropriate prior to a showing by the Plaintiff that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus.  As Plaintiff has failed to provide proof that his underlying conviction or sentence has already been invalidated, the Court must dismiss Plaintiff's claims pursuant to *Heck v. Humphrey*.

Finally, under 28 U.S.C. § 1257, a federal district court lacks jurisdiction to directly review judgments of state courts.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (the "*Rooker-Feldman* doctrine").  The *Rooker-Feldman* abstention doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication."  *Whiteford v. Reed*, 155 F.3d 671, 673-74 (3d Cir. 1998) (citations omitted).  "A federal claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it . . . .'"  *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998) (quoting *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)).  The *Rooker-Feldman* doctrine applies if, in order to grant the plaintiff the relief sought, the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling.  *See Gulla*, 146 F.3d at 171; *FOCUS*, 75 F.3d at 840.

Here, Plaintiff directly challenges the state court's acceptance of his guilty plea.  A finding by this Court in Plaintiff's favor would necessarily invalidate the state court's ruling.  Therefore, pursuant to the *Rooker-Feldman* doctrine, Plaintiff does not have a cognizable

constitutional violation claim as Plaintiff's federal claim are inextricably intertwined with his prior state adjudication and any relief by this Court would void the state court's decision.

### III.     Conclusion

For the reasons set forth above, the Defendant's motion for summary judgment is granted.   An appropriate Order accompanies this Opinion.


/s/ JOEL A. PISANO
United States District Judge


Date: August 10, 2010