NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH DESLONDE | : | |
| Plaintiff, | : | Civil Action No. 09-03446 (JAP) |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Defendant, | : | |

This matter is presently before the Court upon a motion by defendant Nicole Albert ("Defendant") to dismiss the complaint of *pro se* plaintiff Joseph Deslonde ("Plaintiff") for failure to respond to discovery. [docket no. 43]. No opposition has been submitted by Plaintiff. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court grants Defendant's motion to dismiss.

**I.   Background**

Plaintiff filed this action in connection with his arrest and subsequent detention at Middlesex County Adult Correction Center ("MCACC") on and around July 14, 2007. Plaintiff claims that he was unlawfully detained at MCACC on a fraudulent 1995 violation of parole warrant and attributes the fraudulent warrant to a conspiracy between defendant Donna Balick, Plaintiff's former fiancée, and her nephew defendant Robert Grover, who was employed by MCACC.

Plaintiff filed the amended complaint in this matter on August 28, 2009 claiming violations of his constitutional rights relating to his detention at MCACC.  Plaintiff alleges violations of his Fifth Amendment right against double jeopardy, Sixth Amendment right to a speedy and public trial and right to effective assistance of counsel, Fourteenth Amendment right to equal protection and due process and conspiracy to deprive Plaintiff of these rights.

Defendant served Plaintiff with joint interrogatories and a request for production of documents on March 2, 2010.  Plaintiff did not respond to such discovery requests and, as a result, Defendant filed a motion to compel discovery against Plaintiff on May 18, 2010. [docket no. 30].  United States Magistrate Judge Douglas E. Arpert granted Defendant's motion to compel on June 21, 2010, ordered Plaintiff to provide responses to the joint interrogatories and request for production of document within ten (10) days and granted Defendant leave to move to dismiss Plaintiff's complaint in the event that Plaintiff failed to comply with such order.  [docket no. 34].

Defendant filed the instant motion on August 24, 2010 claiming that Plaintiff still has not responded to Defendant's discovery requests.  Defendant argues that Plaintiff is in violation of the Court's June 21, 2010 Order and Plaintiff's failure to provide discovery in this matter has prejudiced Defendant.

## **II.**     **Legal Standard**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party. . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may issue further just orders."  The Court may order the following: "(i) directing the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing

designated claims or defenses, or from introducing designated matters in evidence; (iii) striking the pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order. . ." Fed. R. Civ. P 37(b)(2)(A)(i)-(vii).  Dismissal, however, is a severe penalty and is only reserved for extreme cases.  *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

In *Poulis*, the Court set forth a six-part balancing test that the District Court should apply on determining whether dismissal is appropriate.  The six factors include (1) the extent of the party's personal responsibility, (2) the prejudice to the adversary cause by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or of the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  *Poulis*, 747 F.2d at 868.  Of course, not all of the *Poulis* factors need to be satisfied in order to dismiss a petition. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, 381 F. Supp. 2d 421, 425 (E.D. Pa. 2005).

### III.     Legal Analysis

The first *Poulis* factor requires the Court to consider the extent of Plaintiff's personal responsibility for the failure complained of.  *Poulis,* 747 F.2d at 868.  A *pro se* Plaintiff bears the responsibility for responding to discovery requests and managing his or her own litigation.  *See Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 920 (3d Cir.1992) (noting that, as *pro se* litigants, defendants "had personal responsibility for the conduct of the litigation").  Plaintiff

3

is a *pro se* litigant and, as such, is solely responsible his failure to provide discovery in this action.

The next factor evaluates whether there is prejudice to the adversary caused by the party's actions or inaction. *Poulis,* 747 F.2d at 868. Defendant needs the requested discovery so that she may properly defend against Plaintiff's claims in the amended complaint. *See Poulis, 747 F.2d at 865, 868* (prejudice to the adversary existed where plaintiff failed to provide discovery); *Wortman v. Umrani*, 2006 WL 2347853 at *13-14 (D.N.J. 2006) (finding prejudice where defendants had to seek judicial intervention and take additional steps by communicating with plaintiff to attempt to obtain discovery). Failure to provide the requested discovery has also caused a delay of this action over several months. *See Opta Systems, LLC v. Daewoo Electronics America*, 483 F.Supp.2d 400, 405 (D.N.J. 2007) (finding that delay in providing discovery for period of four months resulted in prejudice to defendants). The Court finds that Defendant has been prejudiced by Plaintiff's inaction.

The third and fourth factors require the Court to assess whether there is a history of dilatoriness and whether Plaintiff's conduct was willful or in bad faith. *Poulis,* 747 F.2d at 868. In assessing dilatory conduct, the Court may consider a party's conduct over the course of the entire litigation. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994). Plaintiff's failure to file opposition papers in response to various motions, respond to Defendant's discovery requests over a period of five (5) months and comply with the Court's July 14, 2010 Order demonstrates a pattern of dilatory conduct. *See Wortman*, 2006 WL 2347853 at *14-15. Defendant served the discovery requests, filed a motion to compel with the Court and a motion to dismiss for failure to comply with the discovery requests. Each of these actions have not produced a response from Plaintiff. In addition, the

Court notes that responding to interrogatories and producing documents are the most basic forms of discovery. Plaintiff's failure to respond to such discovery requests casts doubt on his good faith prosecution of this action. Therefore, the Court finds that there is a pattern of dilatory conduct and evidence of bad faith sufficient to support dismissal.

The next factor evaluates the effectiveness of sanctions other than dismissal. *Poulis,* 747 F.2d at 868. The Court could impose some lesser penalty than dismissal, such as imposition of costs and attorneys fees incurred in the course of Defendant's motions to compel discovery and the instant motion. *See Poulis,* 747 F.2d at 869. However, the Court notes that Plaintiff has been given the opportunity to respond to the initial discovery requests made by Defendant, to oppose the instant motion and comply with the Court's July 14, 2010 Order compelling discovery. Such repeated and consistent failure to respond and comply with discovery requests and orders in connection with this litigation leads the Court to conclude that lesser sanctions would be ineffective. *See Wortman*, 2006 WL 2347853 at *15-16.

In evaluating the sixth *Poulis* factor, the Court notes that Plaintiff's failure to respond to the interrogatories and document production request casts some doubt on whether his claim has merit. The standard for assessing meritoriousness under *Poulis* is less stringent than that of summary judgment. *Poulis,* 747 F.2d at 896-870; *Accord Adams,* 29 F.3d at 876. However, even assuming that Plaintiff's claim has merit, the inclusion of this factor is largely neutral and does not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action. *See Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that one factor is not controlling in the *Poulis* analysis).

## **IV.** **Conclusion**

The Court has balanced the *Poulis* factors and finds that dismissal of Plaintiff's claims against Defendant is warranted with prejudice.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: October 21, 2010